REGAN, Judge.
Plaintiffs, the Emmco Insurance Company, the subrogee insurer of and Kenneth R. White, the owner of a 19S4 Buick automobile, operated by his wife, Anita White, instituted this suit against Joseph Mitchell, the owner and Robert Lane, the operator of a 1953 Chevrolet Sedan, endeavoring to recover the sum of $752.62, representing property damage incurred by the White vehicle as the result of an intersectional collision in Poydras and Dryades Streets in the City of New Orleans on October 14, 1955, at 9:30 P.M. when it is alleged Lane entered the intersection in violation of a red semaphore signal light.
Defendants, Mitchell and Lane, answered and denied that Lane was at fault, but that the collision occurred when Mrs. White entered the intersection in disobedience of a red semaphore signal light and, in the alternative, pleaded the contributory negligence of Mrs. White.
Defendants then reconvened and asserted that the plaintiffs were indebted unto them in the amount of $722, representing property damage to the Mitchell ve- *481 hide and personal injuries and loss of wages incurred by Lane.
In the course of oral argument counsel for plaintiffs informed us that they have abandoned the suit as to Mitchell since no agency relationship existed between him and Lane, and counsel for the defendant, Lane, informed us that he has abandoned the reconventional demand since he has neither appealed nor answered the appeal.
The facts are relatively simple. Mrs. White was accompanied by Mrs. Cecil Ellish on the night of the accident; she testified that she was driving in the left lane of the outbound[1] roadway of Poydras Street at about twenty to twenty-five miles per hour and as she approached Dryades Street the semaphore signal light was green. When she was about two car lengths removed from the intersection she noticed a car enter therein from Dryades Street. She immediately applied her brakes but was unable to avoid the collision.
The Lane vehicle continued across the outbound and inbound roadways of Poy-dras Street and came to a stop when it struck an iron post supporting a canopy of the property designated as 1000 Poydras Street, which is located on the uptown lake corner of Poydras & Dryades Streets and occupied by Frank Quenqui, a tenant.
Quenqui testified that he was standing in the door of his establishment when the accident occurred and when the Lane vehicle struck the iron post supporting the canopy thereof, he observed that Lane was rendered unconscious and assisted in removing him from the vehicle and, at that moment, he noticed that the signal light was green for Dryades Street traffic, however, he very carefully asserted that he did not actually see the color of the light at the moment that the accident occurred but he “thinks it was caution.”
Mrs. Ellish, shortly after the accident told the investigating police officer[2] that Mrs. White was crossing the intersection on a green light when the collision occurred. She subsequently signed a written statement, which was prepared by her husband, to the same effect, although on the trial hereof in the lower court she vacillated and asserted that she did not see the color of the signal light prior to the accident for the reason that her attention was momentarily diverted therefrom by lighting cigarettes for herself and Mrs. White.
Mrs. Ellish then admitted in response to persistent interrogation by plaintiffs’ counsel, who naturally pleaded surprise when this unexpected testimony emanated from the witness, that she had retained an attorney for the purpose of prosecuting a personal injury claim against the insurers of Mrs. White.[3]
Mrs. White, in order to substantiate her contention that she entered the intersection on a green light, testified that prior to the accident she was driving in the outbound roadway of Poydras Street and stopped at Baronne Street and awaited a favorable signal. She then proceeded and when she reached Dryades Street the signal light was also green. The investigating police officer verified this statement with respect to the signal lights by testifying that he had ascertained after the accident that these respective traffic lights were either deliberately or accidentally synchronized.
The only evidence appearing in the record on behalf of defendant Lane is his own testimony. He related that he was driving in Dryades Street[4] and when he ar *482 rived at the intersection of Poydras Street the signal light was red; he stopped and awaited a green signal at which time he slowly moved into the center of the intersection where he was struck broadside by Mrs. White’s vehicle.
The trial judge dismissed both the mam and the reconventional[5] demands and, therefore, the only question which this appeal has posed for our consideration is whether that finding is so erroneous and unsupported by a preponderance of the evidence as to warrant a reversal by us.
We are of the opinion that the court erred in dismissing the main demand. No useful purpose would be served by again indulging in a laborious detailed discussion of the plaintiffs’ evidence. We believe that the facts and the evidence in support thereof, which we have related hereinabove, together with our analysis of the tenor of the whole record reveals that the weight of the evidence preponderates in favor of the plaintiffs.
Mrs. White’s testimony was not only honest and convincing but it was corroborated[6] by Mrs. Ellish, her guest passenger, and to some extent collaterally confirmed by the police officer who investigated the accident.
On the other hand, the defendant Lane’s testimony stands in the record unsupported. Quenqui did not see the color of the signal light at the moment the accident occurred.
The quantum is not disputed. The record reflects a stipulation of respective counsel to the effect that the sum of $752.62 was expended in repairing the White vehicle.
For the reasons assigned the judgment appealed from is reversed insofar as it dismissed the main demand and it is now ordered and decreed that there be judgment herein in favor of plaintiffs, Emmco Insurance Company and Kenneth R. White, and against the defendant, Robert Lane, in the full sum of $752.62. The judgment is affirmed insofar as it dismissed the re-conventional demand.
Affirmed in part; reversed in part.
JANVIER, J., absent, takes no part.

. From the river towards the lake.

. He was called as a witness for the plaintiff and corroborated this testimony.

. Respective counsel informed this court that such a suit was now pending in the Civil District Court.

.Moving from Canal Street towards Poy-dras Street.

. Now abandoned by tbe defendant.

. By statement made immediately after tbe accident and before she developed a personal interest.